**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ORISKA INSURANCE COMPANY,**

        **Plaintiff,**

vs.                                                 **6:17-cv-00910
(MAD/TWD)**

**ISRAEL DISCOUNT BANK OF NEW YORK and
CAPITAL ONE, N.A.,**

        **Defendants,**

vs.

**NAFTOLY WEBER, HERSHEL WEBER, a.k.a.**
*Harold Weber*, **DINA SINGER, GUARANTEE
INSURANCE COMPANY, EVY WEBER,**

        **Intervenor Defendants.**

---

**ISRAEL DISCOUNT BANK OF NEW YORK,**

        **Third-Party Plaintiff,**

vs.

**UNITED STATES OF AMERICA,**

        **Third-Party Defendant.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**KERNAN, KERNAN LAW FIRM**         **LEIGHTON R. BURNS, ESQ.**
185 Genesee Street, Suite 1401
Utica, New York 13501
Attorneys for Oriska Insurance Company

**KERNAN PROFESSIONAL GROUP, LLP**    **JAMES KERNAN, ESQ.**
1310 Utica Street
P.O. Box 750
Oriskany, New York 13424
Attorneys for Oriska Insurance Company

**GRABER LAW FIRM**      **DANIEL GRABER, ESQ.**
360 Lexington Avenue, Suite 1502
New York, New York 10017
Attorneys for Israel Discount Bank of New York

**TARTER KRINSKY & DROGIN LLP**     **DEBRA E. BERNSTEIN, ESQ.**
1350 Broadway
New York, New York 10018
Attorneys for Capital One, N.A.

**BARCLAY DAMON LLP**     **MITCHELL J. KATZ, ESQ.**
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Capital One, N.A.

**AVROM R. VANN, P.C.**     **AVROM R. VANN, ESQ.**
1211 Avenue of the Americas, 40th Floor
New York, New York 10036
Attorneys for Naftoly Weber, Hershel
Weber, Dina Singer, and Evy Weber

**WARNER & SCHEUERMAN**     **JONATHON D. WARNER, ESQ.**
6 West 18th Street, 10th Floor
New York, New York 10011
Attorneys for Guarantee Insurance Company

**U.S. DEPARTMENT OF JUSTICE -**     **STEPHANIE CHERNOFF, ESQ.**
**TAX DIVISION**
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Attorneys for United States of America

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On August 26, 2015, Plaintiff Oriska Insurance Company commenced this lengthy dispute over the assets in six trust accounts that are subject to several creditors' claims. *See* Dkt. No. 2 at ¶ 4. Defendants Capital One, N.A. ("Capital One") and Israel Discount Bank of New York ("IDB")

are custodians of the accounts. *See* Dkt. No. 65-4 at ¶ 4. Hershel Weber, a.k.a. Harold Weber, is the grantor and Naftoly Weber, Dina Singer, and Evy Weber (together with Hershel, the "Weber Defendants") are trustees to the accounts. *See* Dkt. No. 65-8 at § I(B); Dkt. No. 65-9 at § I(B). Guarantee Insurance Company and the Internal Revenue Service ("IRS") are creditors with liens on the accounts. *See* Dkt. No. 21-21; Dkt. No. 21-38 at 5-10. In a Memorandum-Decision and Order dated October 22, 2018, the Court granted Defendant Capital One's Motion for Summary Judgment in part and denied it in part. *See* Dkt. No. 89 at 3, 15.

Presently before the Court is Defendant Capital One's Motion for Attorneys' Fees. *See* Dkt. Nos. 111, 112. The Weber Defendants and Plaintiff both filed oppositions. *See* Dkt. Nos. 115, 116. For the following reasons, Defendant Capital One's Motion for Attorneys' Fees is granted, as modified by the Court.

## II. BACKGROUND

Familiarity with the facts and procedural history is assumed based upon this Court's prior Memorandum-Decision and Order. *See* Dkt No. 89 at 3-6. The Court will briefly summarize only those facts most relevant to the instant Motion for Attorneys' Fees.

Plaintiff commenced this action by filing a Complaint against Defendants IDB and Capital One in state court seeking to enjoin the banks from "delivering the assets in the Collateral Accounts to anyone other than the plaintiff . . . ." *See* Dkt. No. 65-4 at 8. The state court granted a Temporary Restraining Order on August 28, 2015, and modified the Order on October 27, 2015, to allow the banks to collect their regular business fees from the accounts. *See* Dkt. No. 21-10 at 4. On August 18, 2017, the action was removed to the Northern District of New York after the IRS levied a tax lien against Hershel Weber. *See* Dkt. No. 1; Dkt. No. 21-38 at 5-10. This Court issued a Memorandum-Decision and Order dated October 22, 2018, that granted Defendant Capital

3

One's Motion for Summary Judgment as to the Weber Defendants, and denied the motion as to its claims against Plaintiff. *See* Dkt. No. 89 at 15. In that decision, the Court also found that Capital One is entitled to reasonable attorneys' fees against the Weber Defendants based on language contained in the indemnity clause. *See id.* at 12.

On February 2, 2019, Defendant Capital One filed the present Motion for Attorneys' Fees in connection to the October 22, 2018 Memorandum-Decision and Order granting its Motion for Summary Judgment. *See* Dkt. Nos. 111, 112. Defendant Capital One seeks a total of $142,329.50 in attorneys' fees through January 31, 2019 for work performed by the two law firms they retained as counsel in this matter. *See* Dkt. No. 111 at ¶ 11; Dkt. No. 112 at ¶ 12. In addition, Defendant Capital One seeks a total of $803.71 in costs and disbursements through January 31, 2019. *See* Dkt. No. 111 at ¶ 12; Dkt. No. 112 at ¶ 13.

The Weber Defendants and Plaintiff filed oppositions arguing that the requested attorneys' fees are unreasonable, as much of the legal work could be performed by less expensive attorneys and paralegals. *See* Dkt. No. 115 at ¶ 8; Dkt. No. 116 at ¶ 2. The Weber Defendants and Plaintiff also request the Court to hold a hearing on the reasonableness of the attorneys' fees requested and to grant discovery in advance of the hearing. *See* Dkt. No. 115 at ¶¶ 4, 6, 10; Dkt. No. 116 at ¶¶ 2-3. Defendant Capital One contends that a hearing on attorneys' fees and discovery are "entirely unnecessary" and an "inefficient and time-consuming waste." Dkt. No. 119 at 5.

### III. DISCUSSION

**A.  Hearing and Discovery on Reasonableness of Attorneys' Fees**

The Weber Defendants and Plaintiff request the Court to hold a hearing on the reasonableness of the attorneys' fees requested by Defendant Capital One. *See* Dkt. No. 115 at ¶¶ 4, 10; Dkt. No. 116 at ¶¶ 2-3. In support of their request for a hearing, the Weber Defendants and

Plaintiff rely solely on the Second Circuit's decision in *Davis v. National Mortg. Corp.*, 320 F.2d 90 (2d Cir. 1963). In *Davis*, the Second Circuit, in *dicta*, states that the district court "may not enter a default judgment for the unliquidated damages claimed here for such items as good will, counsel fees and the like without first holding a hearing to determine the amount of damages to which plaintiff is entitled." *Id.* at 92 (citations omitted). After *Davis*, the Second Circuit has held that a hearing is not necessary when determining the amount of damages and attorneys' fees, so long as the district court ensures that the award is supported by competent evidence. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("While it is true, as Judge Lasker noted, that the damages in this case were neither liquidated nor capable of mathematical calculation, it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *PNCEF, LLC v. Omni Watch and Clock Co., LLC*, No. 09-CV-975, 2010 WL 3861009, *4 (E.D.N.Y. Sept. 28, 2010) (awarding damages and attorneys' fees without a hearing).

In the present matter, the Court finds that a hearing is unnecessary. Defendant Capital One's applications for attorneys' fees and costs are supported by detailed affidavits and contemporaneous time records. As such, the Weber Defendants and Plaintiff's request for a hearing is denied. *See Cary v. Crescenzi*, 923 F.2d 18, 22 (2d Cir. 1991) (affirming the district court's award of summary judgment and attorneys' fees without a hearing).

Similarly, the request for discovery into the reasonableness of the fees charged is denied. The Weber Defendants and Plaintiff correctly note that, in determining a "presumptively reasonable fee," the Court must consider what a reasonable client would be willing to pay. In light of this consideration, the only specific discovery requested by Plaintiff and the Weber Defendants

5

would be "depositions of the officers of Capital One having responsibility for the hiring and payment of attorneys to determine whether if Capital One was itself paying these legal fees it would have authorized payment of fees in the amount of $143,052.46 as is being requested in the present [m]otion to fix legal fees." Dkt. No. 115 at ¶ 7 (citations omitted). Such Court finds that discovery is unnecessary. Courts regularly determine what constitutes reasonable attorneys' fees without resort to additional discovery and the Court sees no need to vary from that practice in the present matter. *See, e.g.*, *Truong v. New York Hotel and Motel Trades Council*, No. 07 Civ. 11383, 2011 WL 147689, *2-*3 (S.D.N.Y. Jan. 12, 2011). Accordingly, the Weber Defendants and Plaintiff's request for discovery is denied.

**B.     Legal Standard**

In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (citation omitted). Ultimately, "[t]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015). The party seeking attorneys' fees "'bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed.'" *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quotation omitted).

In calculating the "presumptively reasonable fee," the Second Circuit has held that a district court is "to bear in mind *all* of the case-specific variables that [courts] have identified as

relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original). The relevant factors for a court to consider include, but are not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184 n.2.[1]

### 1. Reasonable Hourly Rate

An attorney's reasonable hourly rate is defined as "the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons*, 575 F.3d at 174); *see also Monsour v. New York State Off. for People with Dev. Disabilities*, No. 1:13-CV-00336, 2018 WL 3349233, *17 (N.D.N.Y. July 9, 2018) (explaining that an attorney's hourly rate is considered reasonable when it is "in line with the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'") (quoting *Cruz v.*

---

[1] The Second Circuit also suggests in *Arbor Hill* that the district court should consider the twelve factors delineated in *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Arbor Hill*, 522 F.3d at 186 n.3. The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994)). "Paralegal services are includable in an award of attorneys' fees, and the reasonableness of their fees are also determined by reference to the prevailing hourly rate in the relevant community." *HTV Indus., Inc. v. Agarwal*, 317 F.Supp.3d 707, 720 (S.D.N.Y. 2018) (citing *Marisol A. ex rel. Forbes v. Giuliani*, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000)). The "court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties." *Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (internal quotation marks omitted), *reconsideration granted in part*, 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010).

A district court may apply an out-of-district rate if the party seeking the higher rate rebuts the Second Circuit's presumption in favor of the application of the forum rule. *See Simmons*, 575 F.3d at 175-76. The Second Circuit has held that

> when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.

*Id.* at 175. To rebut that presumption, a party seeking higher out-of-district rates "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* at 176. "Among the ways an applicant may make such a showing is by establishing that local counsel possessing requisite experience were unwilling or unable to take the case, ... or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise." *Id.* (internal citation omitted).

Defendant Capital One is represented by Barclay Damon LLP ("BD"),[2] a Syracuse, New York-based law firm, and Tarter Krinsky & Drogin LLP ("TKD"), a New York City-based law firm. Defendant Capital One seeks fees based on the following hourly rates for its BD attorneys and paralegal: (1) $335 from 2015-2018 and $375 in 2019 for attorney Michael J. Katz ("Katz"); (2) $190 for attorney Michael J. Balestra ("Balestra"); and (3) $125 in 2017 and $145 in 2019 for paralegal Julie A. Shannon ("Shannon"). *See* Dkt. No. 112 at ¶¶ 7-9. As to Defendant Capital One's out-of-district attorneys from TKD, it seeks fees based on the following hourly rates: (1) $495 in 2015, $510 in 2016, $525 in 2017, $530 in 2018, and $550 in 2019 for attorney Debra Bodian Bernstein ("Bernstein"); (2) $570 in 2015 and $585 in 2016 for attorney Stephen Ferszt ("Ferszt"); (3) $595 in 2017 and $610 in 2018 for attorney Andrew N. Krinsky ("Krinsky"). *See* Dkt. No. 111 at ¶¶ 6-8. Additionally, Defendant Capital One seeks fees based on the following hourly rates for TKD's paralegals and law clerks: (1) $245 in 2017 for paralegal Robert Reznik ("Reznik"); (2) $250 in 2018 for paralegal Sandy Manzolillo ("Manzolillo"); (3) $250 in 2018 for paralegal Toni Serrant ("Serrant"); (4) $250 in 2018 for law clerk Samantha Ross ("Ross"); and (5) $250 in 2018 for law clerk Sarah Binstok ("Binstok"). *See id.* at ¶ 10. In support of their proposed hourly rates, Defendant has provided the Court with affirmations from both BD's Katz and TKD's Bernstein. *See* Dkt. Nos. 111, 112.

Katz is a partner at BD and was admitted to practice in New York in 1987. *See* Dkt. No. 112 at ¶ 7. In his affirmation, he states that he has "significant experience handling all aspects of commercial litigation." *See id.* Furthermore, he states that he was the former Chair of the New

---

[2] Menter, Rudin & Trivelpiece, P.C. ("MRT") was retained by Defendant Capital One as local co-counsel. *See* Dkt. No. 112 at ¶ 2. On August 1, 2018, MRT combined with BD. *See id.* at ¶ 3. Therefore, all invoices submitted in this Motion for Attorneys' Fees are from the business records of MRT and BD. *See id.* at ¶ 4.

9

York State Bar Association, Commercial and Federal Litigation Section. *See id.* As for Balestra, Katz states in his affirmation that he is a partner at BD and was admitted to practice in New York in 2008. *Id.* at ¶ 8. Katz also states that Balestra was a former shareholder member of the Commercial Litigation group at MRT. *See id.* Katz provides no information in his affirmation about the qualifications of Shannon, the paralegal who worked on the case. *See* Dkt. No. 112. Additionally, Katz states in his affirmation that the hourly rates for BD's attorneys and paralegal are reasonable because their hourly rates are "commensurate or less than the rates charged by comparable firms for similar matters in Syracuse, New York." *Id.* at ¶ 10.

In light of the prevailing rates in the Northern District of New York, Katz's and Balestra's experience in commercial litigation, the nature of the case, and all other case-specific variables relevant to the reasonableness of an attorney's hourly rate, the Court finds that both Katz's and Balestra's hourly rates are reasonable. "Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." *Richardson v. New York State Office of Mental Health*, No. 6:11-CV-1007, 2018 WL 2021536, *2 (N.D.N.Y. Apr. 30, 2018) (citing *Rodriguez v. Berryhill*, No. 5:15-CV-1000, 2017 WL 2929470, *3 (N.D.N.Y. July 10, 2017)). Katz's hourly rate of $335 from 2015-2018 is commensurate with the higher end of the hourly rate range reasonable for experienced partners in the Northern District. While his hourly rate of $375 in 2019 was outside the higher end rates in the Northern District, this case involves somewhat complex commercial litigation and, therefore, the Court finds the rate reasonable. As for Balestra, his $190 hourly rate is reasonable for an attorney in the Northern District with ten years of experience. *See* Dkt. No. 112 at ¶ 8; *see also Osterweil v. Bartlett*, No. 1:09-CV-825, 2015 WL 1066404, *7 (N.D.N.Y. Mar.11, 2015) (finding that an hourly rate of $200 was reasonable for attorneys with nine to ten

years' experience and "extensive experience in federal appellate litigation"); *Deferio v. Bd. of Tr. of State Univ. of N.Y.*, No. 5:11-CV-0563, 2014 WL 295842, *8 (N.D.N.Y. Jan. 27, 2014) (rejecting the requested hourly rate of $250 and awarding an attorney with five years of litigation experience an hourly rate of $200).

However, as for the paralegal, Shannon, the Court rejects the requested hourly rate of $125 in 2017 and $145 in 2019 and reduces those rates to the prevailing hourly rate of $80 for paralegals in the Northern District. Defendant Capital One has provided no information about Shannon's education or experience. *See* Dkt. No. 112. Katz states in his affirmation only that "minimal services were performed by paralegal . . . Shannon . . . ." Dkt. No. 112 at ¶ 9. Therefore, the Court finds that an hourly rate of $80 — the rate on the lower end of the hourly rate range that is used for paralegals in the Northern District — is reasonable to award Shannon. *See Richardson*, 2018 WL 2021536, at *2 (rejecting a requested hourly rate of $100 for a paralegal and reducing the hourly rate to $80, the lower end of the hourly rate range for paralegals in the Northern District, after the plaintiff provided no information on the paralegal's qualifications).

As to out-of-district co-counsel, Bernstein is counsel at TKD and was admitted to practice in New York in 1991. *See* Dkt. No. 111 at ¶ 6. Bernstein states in her affirmation that she has "significant experience handling all aspects of commercial litigation," and is "currently a member of the Litigation Committee." *Id.* Ferszt, according to Bernstein's affirmation, is a former member of TKD and was admitted to practice in New York and New Jersey in 1986. *See id.* at ¶ 7. Bernstein states in her affirmation that Ferszt "has broad background in commercial issues" and that he is active in various bar associations. *See id.* As for Krinsky, Bernstein states that he is the founding partner of TKD and the head of TKD's Litigation Department. *See id.* at ¶ 8. Krinsky is admitted to practice in New York and Massachusetts and is active in numerous bar associations.

11

*See id.* Bernstein provides no information on the credentials of TKD paralegals Reznik, Manzolillo, and Serrant, or law clerks Ross and Binstok. *See id.*

The Court finds that Defendant Capital One has not met its burden in showing that out-of-district rates for TKD's attorneys and paraprofessionals are warranted under the forum rule. Defendant Capital One has failed to make a "particularized showing" necessary to overcome the *Simmons* presumption in favor of application of in-district rates. *See Simmons*, 575 F.3d at 175. In fact, Defendant Capital One has made no showing in their affirmations or Reply Memorandum of Law that litigating this case required special expertise not available within the Northern District. *See* Dkt. Nos. 111, 112, 119. Since Plaintiff has not met its burden to justify a higher out-of-district rate, the Court must use hourly rates that are reasonable in the Northern District. *See Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC*, 688 F. Supp. 2d 216, 226 (W.D.N.Y. 2010) (declining to award higher-out-of-district rates because the "[p]laintiffs have made no attempt to establish that their selection [of out-of-state attorneys], over counsel charging in-district rates, would likely (not just possibly) produce a substantially better net result"). Accordingly, the Court rejects the requested out-of-district rates by Defendant Capital One and finds that TKD attorneys and paralegals will be awarded an hourly commensurate with reasonable hourly rates within the Northern District. *See Grant v. City of Syracuse*, 357 F. Supp. 3d 180, 202 (N.D.N.Y. 2019) (rejecting a request for an out-of-district rate and awarding "an hourly rate on the high end of the reasonable rates within the Northern District"). Thus, the Court finds that $375 is a reasonable hourly rate for TKD attorneys Bernstein, Ferszt, and Krinsky given their years of practice and expertise in commercial litigation. Additionally, the Court finds that $80 is a reasonable hourly rate for TKD paralegals Reznik, Manzolillo, and Serrant and law clerks Ross and Binstok. *See Ferrara v. Oakfield Leasing Inc.*, 904 F. Supp. 2d 249, 274 (E.D.N.Y. 2012)

("The Court finds that fair and reasonable attorneys' fees within this forum are ... $90 for paralegals and law clerks"); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, No. 96 CIV. 8414, 2018 WL 6737278, *3 (S.D.N.Y. Nov. 28, 2018) (awarding the same hourly rate to law clerks and paralegals).

### *2. Reasonable Number of Hours*

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Stevens v. Rite Aid Corp.*, No. 6:13-CV-783, 2016 WL 6652774, *4 (N.D.N.Y. July 6, 2016). In the Second Circuit, "'any attorney . . . who applies for court-ordered compensation. . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). The district court "should exclude . . . hours that were not 'reasonably expended,'" including "hours that are excessive, redundant, or otherwise unnecessary." *Hensley, v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation omitted). "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Osterweil*, 2015 WL 1066404, at *8 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir.1998)).

Defendant Capital One requests a fee award based on 67.2 hours expended by its attorneys and staff from BD and 239.5 hours expended by its attorneys and staff from TKD. *See* Dkt. No. 111 at ¶¶ 7-9; Dkt. No. 112 at ¶¶ 6-9, 10. The Weber Defendants and Plaintiff both argue that the requested attorneys' fees are unreasonable, as much of the legal work could be performed by less expensive attorneys and paralegals. *See* Dkt. No. 115 at ¶ 8; Dkt. No. 116 at ¶ 2. Defendant

13

Capital One argues that "the time spent was reasonable and necessary for the defense of Capital One and the prosecution of its counterclaims and cross-claims in this action." *See* Dkt. No. 111 at ¶ 11; Dkt. No. 112 at ¶ 10.

After reviewing Defendant Capital One's contemporaneous time records, Defendant Capital One's attorneys "fail[ed] to delegate work to junior, less expensive attorneys [and this] may be grounds for reducing [the] award of attorney's fees." *Rosso v. Pi Mgmt. Assocs.*, No. 02-CV-1702, 2006 WL 1227671, *2 (S.D.N.Y. May 3, 2006). Furthermore, "courts generally hold that 'clerical and secretarial services are part of overhead and are not generally charged to clients.'" *Dotson v. City of Syracuse*, No. 5:04-CV-1388, 2012 WL 4491095, *7 (N.D.N.Y. Sept. 28, 2012) (quoting *Guardado v. Precision Fin., Inc.*, No. 04-CV-3309, 2008 WL 822105, *6 (E.D.N.Y. Mar. 25, 2008)); *see also Berkshire Bank v. Tedeschi*, No. 1:11-CV-0767, 2015 WL 235848, *5 (N.D.N.Y. Jan. 16, 2015), *aff'd*, 646 Fed. Appx. 12 (2d Cir. 2016) (describing filing documents or service of papers as non-compensable paralegal work).

TKD senior attorneys (whose hourly rates ranged from $495 to $610) billed for certain tasks that could have been performed by more junior, less expensive attorneys or paralegals, including, among other things: arrangement of service and filing (*see, e.g.*, Dkt. No. 111-1 at 8, 10, 55, 59, 68, 73, 87, 99, 107, 115); review of statutory and local court rules (*see, e.g.*, *id.* at 26, 83, 111, 115); review of discovery requests and responses (*see, e.g.*, *id.* at 36, 95, 99); review of court docket (*see, e.g.*, *id.* at 39, 43); and basic legal research (*see, e.g.*, *id.* at 91, 95, 107, 125). Similarly, BD attorney Katz's time entries contained some tasks that were administrative in nature, such as receiving a document package. *See* Dkt. No. 112-1 at 58. Therefore, the Court will reduce Defendant Capital One's attorneys' fees to account for tasks included in Defendant Capital One's time records that were more appropriate for junior attorneys or administrative in nature. *See*

*Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.*, No. 76-CV-2125, 2005 WL 736146, *10 (S.D.N.Y. Mar. 31, 2005), *reconsideration granted in part*, No. 76-CV-2125, 2005 WL 2175998 (S.D.N.Y. Sept. 9, 2005) (reducing attorneys' fees where the time entries "fail[ed] to adequately differentiate tasks that are compensable at different rates [ ] and . . . combine[d] compensable and non-compensable tasks into single entries").

Additionally, "[c]ourts look unfavorably on block billing and vagueness in billing because imprecise entries limit courts' ability to decipher whether the time expended has been reasonable." *Matteo v. Kohl's Dept. Stores, Inc.*, No. 09-CV-7830, 2012 WL 5177491, *4 (S.D.N.Y. Oct. 19, 2002), *aff'd*, 533 Fed. Appx. 1 (2d Cir. 2013) (citing *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325–26 (S.D.N.Y. 2003); *Vishipco Line v. Charles Schwab & Co.*, No. 02-CV-7823, 2003 WL 1936142, *2 (S.D.N.Y. Apr. 23, 2003)). Though courts disfavor block-billing in general, "block-billing is 'not prohibited' in the Second Circuit." *Triumph Constr. Corp. v. N.Y. City Council of Carpenters Pension Fund*, No. 12-CV-8297, 2014 WL 6879851, *6-7 (S.D.N.Y. Dec. 8, 2014) (citing *Wise v. Kelly*, 620 F. Supp. 2d 435, 450 (S.D.N.Y. 2008); *Green v. City of New York*, 403 Fed. Appx. 626, 630 (2d Cir. 2010)). Nonetheless, in certain cases, courts in the Second Circuit have reduced attorneys' fees where block-billing "render[ed] it difficult to determine whether, and/or the extent to which, the work done by [the prevailing party's] attorneys [was] duplicative or unnecessary." *Sea Spray Holdings, Ltd.*, 277 F. Supp. 2d at 326; *see also Triumph Const. Corp.*, 2014 WL 6879851, at *6-7.

Although the Weber Defendants and Plaintiff did not raise this issue, some of Defendant Capital One's attorneys' time entries were block-billed and other entries were too vague to explain sufficiently the hours claimed. A number of time entries submitted by TKD were block-billed. *See, e.g.*, Dkt. No. 111-1 at 9, 19, 65, 107, 111. Moreover, TKD's time entries contained

15

descriptions that frequently lumped tasks like drafting papers with other tasks like arrangement of service or emailing clients. *See, e.g., id.* at 107. As to BD, many of the time entries provided vague descriptions of the work performed. For example, some entries include only the descriptions "[d]raft order," "emails re order," and "[r]eview emails re motions." *See* Dkt. No. 112-1 at 9, 50, 54; *see also Dotson*, 2012 WL 4491095, at *6 (finding that descriptions such as "file review," "trial preparation," and "meetings" "do not permit this court to conduct a meaningful review as to whether the time was reasonable or appropriate") (citing *Marshall v. State of N.Y. Div. of State Police*, 31 F. Supp. 2d 100, 106 (N.D.N.Y.1998)). The Court finds that the block-billed time entries and vague descriptions prevent the Court from assessing the reasonableness of the entries and, therefore, warrant a reduction to the hours for which Defendant Capital One will be awarded attorneys' fees.

Finally, the Court notes that counsel for Capital One are seeking attorneys' fees for time spent in association with the present fee application. *See, e.g.*, Dkt. No. 111-1 at 144; Dkt. No. 112-1 at 78. "Under New York law, 'a general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves'; rather, there must be 'specific language to indicate that time spent in justifying a fee application was to be included.'" *Triumph Const. Corp.*, 2014 WL 6879851, at *6 (quoting *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1266-67 (2d Cir. 1987)) (other citations omitted). Here, the contracts do not contain "specific language" providing for fees incurred in seeking fees. *See* Dkt. No. 65-8 at 5; Dkt. No. 65-9 at 5. The improper inclusion of this time warrants a further reduction in the requested fees.

Accordingly, the Court will impose a 20% reduction in the number of hours spent by Capital One's attorneys in this case because it appears that some tasks may have been more

efficiently performed by a more junior attorney or administrative staff, and the block-billed and vague time entries makes it difficult to assess the reasonableness of every time entry. *See, e.g.*, *Triumph Constr. Corp.*, 2014 WL 6879851, at *6-7 (reducing respondents hours by 15% because respondent's practice of block-billing made it difficult to assess the reasonableness of the time entries and some of respondent's tasks could be performed by a more junior attorney); *Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 744 (S.D.N.Y. 2018) (recommending a reduction of 25% in the attorneys' fees requested because, among other things, senior attorney performing work that should have been delegated to a more junior attorney, block billing of time, and an overall excessive amount of time billed on the matter).

### 3. Presumptively Reasonable Fee Calculation

Based upon the Court's adjusted hourly rates and adjusted number of hours, the Court finds that Defendant Capital One is entitled to attorneys' fees in the amount of $84,048.00, calculated as follows:

| Attorney/ Paraprofessional | Hourly Rate Requested | Hourly Rate Awarded | No. of Hours Requested | No. of Hours Awarded | Amount Awarded |
|---|---|---|---|---|---|
| Michael J. Katz | $335.00-$375.00 | $335.00-$375.00 | 54.2 | 43.32 | $14,551.20 |
| Michael J. Balestra | $190.00 | $190.00 | 4.30 | 3.44 | $653.60 |
| Julie A. Shannon | $125.00-$145.00 | $80.00 | 7.5 | 6.00 | $840.00 |
| Debra Bordian Bernstein | $495.00-$550.00 | $375.00 | 193.2 | 154.56 | $57,960.00 |
| Stephen Ferszt | $570.00-$585.00 | $375.00 | 26.40 | 21.12 | $7,920.00 |
| Andrew N. Krinsky | $595.00-$610.00 | $375.00 | 3.60 | 2.88 | $1,080.00 |
| Robert Reznik | $245.00 | $80.00 | .10 | .08 | $6.40 |

| Sandy Manzolillo | $245.00 | $80.00 | 6.30 | 5.04 | $403.20 |
| Toni Serrant | $250.00 | $80.00 | .60 | .48 | $38.40 |
| Samantha Ross | $250.00 | $80.00 | 9.10 | 7.28 | $582.40 |
| Sarah Binstok | $250.00 | $80.00 | .20 | .16 | $12.80 |

**D.     Costs and Disbursements**

Defendant Capital One also seeks reimbursement for costs and disbursements in the amount of $803.71.  *See* Dkt. No. 111 at ¶ 12; Dkt. No. 112 at ¶ 13.  It is well-settled in the Second Circuit that "'attorneys' fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 2001) (quoting *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)).  In *LeBlanc-Sternberg*, the Second Circuit provided a non-exhaustive list of costs that are recoverable, including photocopying, travel, reproduction and postage expenses, and computerized research.  *See id.* (citing cases).  The Court has reviewed the invoices and expenses and finds that the costs and disbursements are appropriate and not excessive for a case of this length and complexity.  Accordingly, Defendant Capital One is entitled to costs and disbursements in the amount of $803.71.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Capital One's Motion for Attorneys' Fees is **GRANTED** in the amount of $84,048.00, as broken down above; and the Court further

**ORDERS** that Defendant Capital One is awarded costs of $803.71; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 8, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge